**LIPIN ENTERPRISES,
INCORPORATED,
Plaintiff,**

v.

**Goldie W. LEE, et al., Defendants.**

No. 84 C 7762.

United States District Court,
N.D. Illinois, E.D.

Sept. 11, 1985.

Paul J. Petit, Phillip J. Zisook, Betar & Petit P.C., Chicago, Ill., for Lipin Enterprises, Inc.

George W. Spellmire, Robert J. Milligan, Hinshaw, Culbertson, Moelmann, Horan & Fuller, Chicago, Ill., for McCarthy, Duffy, Neidhart & Snakard, a Partnership and McCarthy.

John Skapars, F.W. Hall, Hubbard, Hubbard, O'Brien & Hall, Chicago, Ill., for Daniel J. McCarthy.

Sheldon P. Legator, Elsa Theile Fuchs, Chicago, Ill., for Chicago Title and Trust Co.

Stanley A. Walton, III, Winston & Strawn, Chicago, Ill., for Arthur Hamer & Co. and Dunklau.

Stephen A. Snakard, John M. Duffy, Thomas S. Moore, McCarthy, Duffy, Neidhart & Snakard, Chicago, Ill., for Goldie W. Lee, Thomas Monahan, First Nat. Bank of Skokie, Daniel J. McCarthy, Marquette Nat. Bank, and McCarthy, Duffy, Neidhart & Snakard, a Partnership.

### MEMORANDUM OPINION
### AND ORDER

DECKER, Senior District Judge.

Lipin Enterprises, Inc. (Lipin) brought this action against a number of defendants under the Racketeer Influenced and Cor-

rupt Organizations Act (RICO), 18 U.S.C. §§ 1961–68 (1982). The case is before the court on defendants' motion to dismiss.[1]

## I. *Factual Background*

Defendant Goldie W. Lee (Lee) was the sole shareholder of Rifco Auto Leasing Co. (Rifco) and its wholly-owned subsidiary, Modern Cars, Inc. (Modern). On February 15, 1982, Lipin entered into a stock acquisition agreement with Lee to purchase all of her shares of stock in these companies for a price of $100,000 above their current net worth or, as finally formulated, $960,-149.11.

Unbeknownst to plaintiff at the time of the transaction, however, Rifco and Modern owed defendant banks and other creditors over $2,300,000. Complaint at ¶ 18. In 1981, defendant banks and their directors allegedly became concerned about the companies' ability to repay this debt under Lee's management and concluded that a sale to Lipin would significantly improve the probability of repayment. *Id.* at ¶ 20. Consequently, all of the defendants—including Lee, the banks, their directors, and the attorneys and accountants for Lee and Rifco—purportedly participated in a scheme to defraud Lipin by inducing it to purchase the companies' stock at an inflated price and repay their substantial indebtedness. *Id.* at ¶ 19.

The complaint asserts that the defendants associated with one another and conducted their affairs to effect the sale of Lee's stock in the companies to Lipin. *Id.* at ¶¶ 21, 23. Pursuant to this so-called "enterprise," each defendant made fraudulent misrepresentations concerning the financial condition of the companies. *Id.* at ¶¶ 23, 25–39. These alleged misrepresentations—ranging from oral statements and written correspondence to legal opinion letters and accountants' financial state-

ments—exaggerated the companies' net worth and omitted most of their liabilities. In conjunction with this scheme, defendants sent or received communications through the United States mails on at least twelve separate occasions. *Id.* at ¶ 40. These mailings supposedly constitute a "pattern of racketeering activity."

Counts I and II of the complaint assert that defendants conducted the affairs of an enterprise, and conspired to conduct those affairs, through a pattern of racketeering activity in violation of 18 U.S.C. §§ 1962(c) and (d). The remaining three counts allege pendent state claims.

In response, defendants move to dismiss plaintiff's RICO claims. Although defendants proceed under Fed.R.Civ.P. 12(b)(1), it is clear that they seek to dismiss Counts I and II for failure to state a claim under Fed.R.Civ.P. 12(b)(6). Accordingly, the court may not dismiss the complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

## II. *Discussion*

█ To state a claim under § 1962(c), plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.*, — U.S. —, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985) (footnote omitted). It is well-settled that a RICO "enterprise" is an "entity separate and apart from the pattern of activity in which it engages." *U.S. v. Turkette*, 452 U.S. 576, 583, 101 S.Ct. 2524, 2528, 69 L.Ed.2d 246 (1981). Furthermore, the "mere commission of the predicate offenses" is clearly not in itself a civil RICO violation. *Sedima*, 105 S.Ct. at 3285.

---

1. On February 14, 1985, the court stayed its ruling on this motion pending the decision of the Supreme Court in *American National Bank and Trust Co. v. Haroco, Inc.*, — U.S. —, 105 S.Ct. 3291, 87 L.Ed.2d 437 (1985). In *Sedima, S.P.R.L. v. Imrex Co.*, — U.S. —, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985), the compan-

ion case to *Haroco*, the Supreme Court rejected a distinct "racketeering injury" requirement for a civil RICO cause of action. Thus, because this holding forecloses defendants' first argument, the court need only address their remaining contentions.

With respect to the "enterprise" requirement, Lipin alleges that all of the defendants "associated in fact" for a common purpose—to effect the sale of Lee's stock to Lipin. *See* 18 U.S.C. § 1961(4). The Supreme Court has held that the enterprise requirement is proved "by evidence of an *ongoing* organization, formal or informal, and by evidence that the various associates function as a *continuing* unit." *Turkette,* 452 U.S. at 583, 101 S.Ct. at 2528 (emphasis supplied). Although the courts of appeals differ as to what constitutes a RICO "enterprise," all seem to agree that continuity is a necessary, if not sufficient, condition.[2] Lipin's complaint, as well as its brief, completely ignores the element of continuity.

■ The court is well aware that it may not compel a civil RICO plaintiff to "plead essentially evidence and prove the case in the complaint." *See Haroco, Inc. v. American National Bank and Trust Co.,* 747 F.2d 384, 404 (7th Cir.1984), *aff'd,* —— U.S. ——, 105 S.Ct. 3291, 87 L.Ed.2d 437 (1985). Nevertheless, nothing in the complaint indicates that the defendants' alleged association was ongoing or that they functioned as a continuing unit. Therefore, plaintiff has not sufficiently alleged a RICO "enterprise." [3]

As an alternative, Lipin makes a bare assertion that the two companies, Rifco and Modern, constitute an "enterprise." Complaint at ¶ 21. This makeweight allegation is also insufficient to sustain a RICO complaint. Although a corporation is literally an "enterprise" under 18 U.S.C. § 1961(4), Lipin has not alleged, and is unable to allege, that each of the defendants conducted or participated "in the *conduct* of such enterprise's affairs *through* a pattern of racketeering activity." *Id.* at § 1962(c) (emphasis added). First, with the exception of Lee—the president and sole owner of the companies, it is not clear that any of the defendants, particularly the banks, conducted or participated in the direction or management of the companies' affairs. *See, e.g., Bennett v. Berg,* 710 F.2d 1361, 1364 (8th Cir.1983) (en banc), *cert. denied,* 464 U.S. 1008, 104 S.Ct. 527, 78 L.Ed.2d 710 (1984); *U.S. v. Kaye,* 586 F.Supp. 1395, 1400 (N.D.Ill.1985).

■ Furthermore, plaintiff fails to allege facts which would reasonably show that the defendants participated in the conduct of the affairs of the companies *through* a pattern of racketeering activity. In particular, Lipin has not sufficiently alleged a connection between the predicate acts and the affairs of the companies. *See U.S. v. Nerone,* 563 F.2d 836, 852, *cert. denied,* 435 U.S. 951, 98 S.Ct. 1577, 55 L.Ed.2d 801 (1978). The simple transfer of Lee's stock in the companies does not in itself constitute the conduct of the business through a pattern of racketeering activity even if the transfer is part of an alleged mail fraud scheme. *See U.S. v. Mandel,* 591 F.2d 1347, 1376 (4th Cir.1979), *cert. denied,* 445 U.S. 961, 100 S.Ct. 1647, 64 L.Ed.2d 236 (1980).

■ Lastly, the complaint fails to state a RICO claim for another important reason—plaintiff has not alleged sufficient facts that would establish a *pattern* of racketeering activity. Plaintiff lists twelve separate predicate acts of purported mail fraud and calls them a pattern. Plaintiff must allege, however, more than isolated predi-

---

2. *Compare U.S. v. Lemm,* 680 F.2d 1193, 1198 (8th Cir.1982) (three-prong test including continuity), *cert. denied,* 459 U.S. 1110, 103 S.Ct. 739, 74 L.Ed.2d 960 (1983) and *U.S. v. Bledsoe,* 674 F.2d 647, 663–65 (8th Cir.1982) (same), *cert. denied,* 459 U.S. 1040, 103 S.Ct. 456, 74 L.Ed.2d 608 (1983) *with U.S. v. Ferguson,* 758 F.2d 843, 853 (2d Cir.1985) ("continuing strategy and planning sessions"); *U.S. v. Zielie,* 734 F.2d 1447, 1463 (11th Cir.1984) ("ongoing organization ... with continuity of membership and purpose"), *cert. denied,* —— U.S. ——, 105 S.Ct. 957, 83 L.Ed.2d 964 (1985); *U.S. v. Hewes,* 729 F.2d 1302, 1310–11 (11th Cir.1984) ("repeated criminal activity" and "schemes ... [that] continued for many years"), *cert. denied,* —— U.S. ——, 105 S.Ct. 790, 83 L.Ed.2d 783 (1985); and *U.S. v. Mazzei,* 700 F.2d 85, 88–89 (2d Cir.) (defendants "function[ed] as a continuing unit"), *cert. denied,* 461 U.S. 945, 103 S.Ct. 2124, 77 L.Ed.2d 1304 (1983).

3. The same reasoning applies to Count II, which alleges a conspiracy to violate 18 U.S.C. § 1962(c) under 18 U.S.C. § 1962(d).

cate acts or sporadic activity to show that the affairs of an enterprise were conducted through a pattern of racketeering activity. *E.g., Sedima*, 105 S.Ct. at 3285, 3285 n. 14. Citing the legislative history of RICO, the Supreme Court recently stressed the factor of " 'continuity plus relationship' " in a RICO "pattern." *Id.* at 3285 n. 14 (quoting S.Rep. No. 617, 91st Cong., 1st Sess. 158 (1969) ). In short, Lipin has failed to allege the continuity necessary to establish a pattern. Moreover, there is no assertion of fact in the complaint that elevates the alleged predicate acts from mere isolated events to a pattern cognizable under RICO.[4]

### III. *Conclusion*

For these reasons, the court dismisses the complaint for failure to state a federal claim.

---

4. Because there is no remaining federal claim to which Lipin's state claims may append, the court dismisses them as well. *See U.M.W. v.*

*Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).