Dana Lee Erickson **MEYER**, Plaintiff,

v.

**CLOUD COUNTY BANK & TRUST**, et al., Defendants.

**Civ. A. No. 86–2016–S.**

United States District Court,
D. Kansas.

March 26, 1986.

Fred W. Phelps, Jr., Betty Joan Phelps, Elizabeth M. Phelps, Phelps—Chartered, Fred W. Phelps, Topeka, Kan., for plaintiff.

Stanley R. Parker, Deanne Watts Hay/Ann L. Hoover, Sloan, Listrom, Eisenbarth, Sloan & Glassman, Topeka, Kan., Edward M. Boddington/David W. Hauber, Boddington & Brown, Kansas City, Kan., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendants' motion to dismiss, or in the alternative, for a more definite statement. Plaintiff has filed a response in opposition to defendants' motion to dismiss and alternatively requests leave to amend her complaint if it is found to be deficient. In plaintiff's complaint, plaintiff alleges a violation of the Civil Racketeer Influenced and Corrupt Organizations Act [RICO], 18 U.S.C. §§ 1961–1965. Specifically, in paragraph 5 of plaintiff's complaint plaintiff alleges that between the years 1981 and 1985 the defendants represented to plaintiff that if she would execute seven promissory notes, she would not be liable for the debt of her father's estate and defendants would never prosecute her for default on such notes. Plaintiff did execute said notes and when the estate defaulted on said notes, defendants prosecuted plaintiff despite their earlier promises to her. The plaintiff also alleges that defendants tortiously interfered with plaintiff's contractual rights with one Dave Boll. In paragraph 7 of plaintiff's complaint, plaintiff alleges that defendants' conduct constituted a scheme, that defendants were an enterprise, and that said enterprise had been infiltrated by racketeering activity as defined by the RICO act. Plaintiff further alleges that in executing such scheme, defendants utilized the United States mails and interstate wires for a four-year period and that each of the acts alleged was indictable under the Federal Mail and Wire Fraud statutes, 18 U.S.C. §§ 1341 and 1343. Plaintiff alleges that such acts constituted a pattern of racketeering activity as defined under the RICO Act.

■ Generally, a violation of section 1962 requires: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. See Sedima v. Imrex Co., 473 U.S. 479, ――, 105 S.Ct. 3275, 3284, 87 L.Ed.2d 346 (1985). Upon a review of plaintiff's complaint, the court must agree with defendant that plaintiff's complaint fails to specify which subsection of 18 U.S.C. § 1962 has been violated by the defendants. Defendants allege that plaintiff has merely stated conclusory allegations and did not plead the elements necessary to state a claim under RICO. The court must again agree with the defendants. While the court finds that it is not appropriate to rule on the merits of plaintiff's case at this time, the court finds that the complaint does not specifically allege facts which would rectify the court's doubt as to the existence of a pattern of racketeering activity. As Sedima and its progeny have held, an allegation that two acts of racketeering activity occurred may not be sufficient to state a cause of action under section 1962. Courts have held that it is a factor of "continuity plus relationship which combines to produce a pattern." Professional Assets Management v. Penn Square Bank, 616 F.Supp. 1418, 1421 (W.D.Okla.1985). The court in Professional Assets Management cited the recent decision in Northern Trust Bank/O'Hare v. Inryco Inc., 615 F.Supp. 828 (N.D.Ill. 1985), to emphasize the fact that the continuity in the term "pattern" presumes repeated activity, not merely repeated acts to carry out the same scheme. In Inryco the court held that several mailings in furtherance of an ongoing kick-back scheme did not establish a RICO pattern. 616 F.Supp. at 1421. In reviewing plaintiff's complaint, the court finds that based on the facts alleged, the court cannot determine whether plaintiff alleges a pattern of racketeering activity sufficient to state a cause of action under RICO, or merely states a single fraudulent scheme, which would not be sufficient in alleging a RICO violation.

■ The court also finds that the Rule of Pleading, 9(b) of the Federal Rules of Civil Procedure, requires pleading with particularity in alleging a civil RICO offense. See Wight v. Agristor Leasing, No. 84–4050, slip op. at 6 (D.Kan., unpublished, March 28, 1985). The Rule of pleading with particularity requires assertions of "time, place, and contents of false representations ... [and] the identity of the person making the representation and what was obtained

or given up thereby." *Id.* (quoting *Eaby v. Richmond* 561 F.Supp. 131, 136 (E.D.Pa. 1983)). The court therefore finds that plaintiff's complaint has not alleged fraud with sufficient particularity to state a cause of action under RICO. Further, the court finds that plaintiff's allegation of acts involving a four-year period has not sufficiently stated when the predicate offenses occurred to give some type of notice to the defendants. Rather than dismissing plaintiff's complaint, however, the court finds that plaintiff should be granted leave to amend to correct the deficiencies in her complaint.

IT IS BY THE COURT THEREFORE ORDERED that defendants' motion to dismiss is hereby denied. IT IS FURTHER ORDERED that defendants' motion for a more definite statement is hereby granted. IT IS FURTHER ORDERED that plaintiff shall have ten (10) days from the date this order is filed to amend her complaint to comply with the requirements as stated in this Memorandum and Order.