## LIPIN ENTERPRISES INCORPORATED, an Illinois corporation, Plaintiff-Appellant,

v.

## Goldie W. LEE, Thomas Monahan, First National Bank of Skokie, Daniel J. McCarthy, Marquette National Bank, McCarthy, Duffy, Neidhart & Snakard, a partnership, Arthur Hamer & Company, Gerald Dunklau and Chicago Title & Trust Company, Defendants-Appellees.

### No. 85–2772.

United States Court of Appeals, Seventh Circuit.

Argued May 15, 1986.

Decided Oct. 9, 1986.

Rehearing and Rehearing En Banc Denied Nov. 12, 1986.

Paul J. Petit, Betar & Petit, Chicago, Ill., for plaintiff-appellant.

Joshua G. Vincent, Hinshaw Culbertson Moelmann Hoban & Fuller, Chicago, Ill., Stephen A. Snakard, McCarthy Duffy Neid-

hart & Snakard, Chicago, Ill., for defendants-appellees.

Before BAUER, Chief Judge, CUDAHY, and RIPPLE, Circuit Judges.

BAUER, Chief Judge.

Plaintiff, Lipin Enterprises, appeals the dismissal of its complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The district court dismissed Lipin's complaint, a civil RICO action, on the alternative grounds that the complaint failed to allege a RICO enterprise and failed to allege a pattern of racketeering activity. Lipin challenges both of these grounds as error. We agree with the district court that Lipin failed adequately to allege a pattern of racketeering activity. We affirm the dismissal of the complaint on that ground.

## I.

Lipin is the unhappy buyer of Rifco Auto Leasing Company and its wholly-owned subsidiary, Modern Cars, Inc. In its complaint, Lipin alleges the seller and sole shareholder of Rifco, Goldie W. Lee, conspired with other parties involved in the sale (accountants, lawyers, and several banks) to dupe Lipin into buying Rifco for more than it was worth.

Lipin alleges that each of the defendants made fraudulent misrepresentations in order to accomplish the sale. Lipin is especially peeved by alleged overstatements of Rifco's net worth (since the purchase price was directly tied to this figure) and the omission of several equipment leases and open end leases from an inventory of leases relied upon by Lipin. (Lipin alleges that it was "crucial" for Lipin that there be "few or no" open end leases). The district court found that, as alleged, these misrepresentations amounted to at least twelve separate acts of mail fraud. *Lipin Enterprises v. Lee*, 625 F.Supp. 1098, 1099 (N.D.Ill.E.D. 1985).

Nonetheless, the district court granted the defendants' motion under 12(b)(6) to dismiss Lipin's complaint. The court found that Lipin had failed to allege a RICO enterprise because "nothing in the complaint indicates that the defendants' alleged association was ongoing or that they functioned as a continuing unit." *Lipin Enterprises v. Lee*, 625 F.Supp. 1098, 1100 (N.D. Ill.E.D.1985). The court further held that if Rifco (and its subsidiary Modern Cars, Inc.) itself was viewed as the enterprise, Lipin had failed to allege participation by each of the defendants in the "affairs of those companies *through* a pattern of racketeering activity." *Id.* at 1100 (emphasis in original). The district court also held that the twelve alleged acts of mail fraud did not constitute "facts that would establish a *pattern* of racketeering activity." *Id.* at 1100 (emphasis in original). Lipin contends that the district court was simply wrong on all grounds and appeals to this court for reinstatement of its complaint.

## II.

Lipin alleges the district erred when it found that the misrepresentations alleged in the complaint do not constitute a pattern of racketeering activity for RICO purposes. We disagree.

A pattern of racketeering activity requires at the barest minimum two "acts of racketeering activity." 18 U.S.C. § 1961(5). In general, however, much more than two such acts must be shown in order to demonstrate a pattern. *Sedima, S.P.R.L. v. Imrex Co.*, ⸺ U.S. ⸺, 105 S.Ct. 3275, 3285 n. 14, 87 L.Ed.2d 346 (1985). The separate racketeering acts must reflect both "continuity" and "relatedness" in order to constitute a pattern. *Id.;* S.Rep. No. 617, 91st Cong., 1st Sess. 158 (1969). It is not enough, therefore, for Lipin simply to allege twelve acts of racketeering activity (the twelve acts of mail fraud) in order to allege a pattern of racketeering activity. Something more is required.

What this "something more" is that needs to be shown in order to allege a RICO pattern has been the subject of some debate. Some courts have indicated that a RICO plaintiff must show not only two acts

of racketeering activity but also two separate "schemes" in order to show a pattern. *Superior Oil Co. v. Fulmer,* 785 F.2d 252, 254–58 (8th Cir.1986); *Grant v. Union Bank,* 629 F.Supp. 570 (D.Utah 1986); *Meyer v. Cloud County Bank & Trust,* 647 F.Supp. 974 (D.Kan.1986); *Professional Assets Management v. Penn Square Bank, N.A.,* 616 F.Supp. 1418, 1420–23 (W.D.Okla. 1985). Other courts have been unhappy with this formulation since it would allow a large continuous scheme to escape the enhanced penalties of RICO liability. These courts prefer a definition of pattern that would require a RICO plaintiff to show at least two separate criminal "episodes" rather than two separate schemes. *Fleet Management Systems v. Archer-Daniels-Midland Co.,* 627 F.Supp. 550, 553–60 (C.D. Ill.1986); *Marks v. Pannell Kerr Forster,* No. 85 C 9399, slip op. (N.D.Ill. Mar. 21, 1986) [Available on WESTLAW; DCTU database]; *Frankart Distributors v. RMR Advertising,* 632 F.Supp. 1198 (S.D.N.Y. 1986). *Medallion TV Enterprise v. Selec TV of Cal.,* 627 F.Supp. 1290, 1295–97 (C.D. Cal.1985). An episode is apparently something more than an act of racketeering activity but something less than a scheme.

Since the Supreme Court clarified in *Sedima, S.P.R.L. v. Imrex Co.,* —— U.S. ——, 105 S.Ct. 3275, 3285 n. 14, 87 L.Ed.2d 346 (1985) that a pattern of racketeering activity is generally more than two racketeering acts, this court has never explicitly addressed the question of the necessary requirements for a RICO pattern. We have indicated that the mailing of nine separate fraudulent tax returns constitutes a sufficient RICO pattern. *Illinois Department of Revenue v. Phillips,* 771 F.2d 312, 313 (7th Cir.1985). We did not explain in *Phillips,* however, whether the pattern was sufficiently established there by the nine separate returns because the returns were separate schemes or were separate episodes or because the mailings satisfied some other legal definition of "pattern." Fortunately, it is not necessary for us to formulate an exact definition of "pattern" of racketeering activity to dispose of Li-

pin's complaint. Whether this court will eventually adopt the separate scheme formulation, the separate episode formulation, or some other formulation of the requirements necessary to demonstrate a RICO pattern, it is clear that these requirements are not satisfied by Lipin's complaint.

The Supreme Court emphasized in *Sedima* that simply alleging racketeering acts is not enough to allege a RICO pattern. *Sedima,* 105 S.Ct. at 3285 n. 14. That is all that Lipin has done, and apparently all that Lipin can do. Lipin's complaint alleges racketeering acts all designed to defraud one victim, Lipin, on one occasion, the sale of Rifco. Lipin cannot allege that the defendants defrauded another victim with similar racketeering activity and cannot allege that Lipin has been defrauded more than once by the defendants through similar racketeering acts.

Whatever more is required to allege a pattern of racketeering activity, that something more is lacking here. The pattern requirement was intended to limit RICO to those cases in which racketeering acts are committed in a manner characterizing the defendant as a person who regularly commits such crimes. ABA SECTION OF CORPORATION, BANKING & BUSINESS LAW, REPORT OF THE AD HOC CIVIL RICO TASK FORCE 203–08 (1985). RICO is not "aimed at the isolated offender." *Sedima,* 105 S.Ct. at 3285 n. 14 (quoting 116 Cong.Rec. 35, 193 (1970) (statement of Rep. Poff)). There must be some indication of a "threat of continuing activity" by the defendants, not just one instance of fraud with a single victim. S.Rep. No. 617, 91st Cong., 1st Sess. 158 (1969).

### III.

The district court correctly dismissed Lipin's complaint for failure to allege a pattern of racketeering activity. We, therefore, need not reach the question of whether Lipin adequately alleged a RICO enterprise. The judgment of the district court is

AFFIRMED.

CUDAHY, Circuit Judge, concurring.

I agree that plaintiff has not alleged "a pattern of racketeering activity." I think it is important to note, however, that we are dealing here with mail fraud. Mail fraud and wire fraud are perhaps unique among the various sorts of "racketeering activity" possible under RICO in that the existence of a multiplicity of predicate acts (here, the mailings) may be no indication of the requisite continuity of the underlying fraudulent activity. Thus, a multiplicity of mailings does not necessarily translate directly into a "pattern" of racketeering activity. It is not clear that the same analysis would be appropriate in cases involving other kinds of predicate acts (like, for example, arson).