Charles **ELLIOTT**, et al.,
Plaintiffs-Appellants,

v.

**CHICAGO MOTOR CLUB INSURANCE**
**(A Reciprocal), et al.,**
**Defendants-Appellees.**

No. 86–1890.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 16, 1986.
Decided Dec. 16, 1986.*
Opinion Jan. 14, 1987.

---

\* The case was decided from the bench at the close of the appellants' argument, with a statement that an opinion would follow.

348

Hope E. Keefe, Brunswick & Keefe, Blue Island, Ill., for plaintiffs-appellants.

Barry L. Kroll, Williams & Montgomery, Ltd., Chicago, Ill., for defendants-appellees.

Before BAUER, Chief Judge, and CUMMINGS and EASTERBROOK, Circuit Judges.

BAUER, Chief Judge.

Plaintiffs, members of the Elliott family, appeal the dismissal of their cause of action with prejudice because their amended complaint failed to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The complaint, a civil RICO action, alleged the defendants, an insurance company and its related entities along with its lawyer, breached fiduciary duties, and their conduct constituted a scheme to defraud the Elliotts by use of mail through a pattern of racketeering. The district court concluded that the alleged actions of the defendants were not improper either under the insurance policy or under Illinois law. In light of two recent decisions of this court concerning the sufficiency of civil RICO complaints, *Morgan v. Bank of Waukegan*, 804 F.2d 970 (7th Cir.1986); *Lipin Enterprises, Inc. v. Lee*, 803 F.2d 322 (7th Cir.1986), we affirm the district court's judgment.

I.

The Elliotts, who were insured under an automobile policy issued by the Chicago Motor Club, were involved in a car accident on August 8, 1981. They claim that five members of the family were injured and that the other driver had no liability insurance. Displeased with Chicago Motor Club's failure to settle their claim under the uninsured motorist provisions in their policy, the Elliotts filed suit in the Cook County Circuit Court. They sought a declaratory judgment that Chicago Motor Club was bound by judgments obtained against the uninsured motorist and money damages caused by vexatious delays in settling their claim.

In addition, the Elliotts later filed suit in district court against Chicago Motor Club and its board members; the company's attorney-in-fact, Motor Club Service Corporation, and its officers; and the lawyer defending Chicago Motor Club in the Cook County lawsuit, Christine Smith. Their amended complaint [1] contains three counts based on the civil provisions of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1968, and three pendent state claims alleging breach of fiduciary duty. In the first count, the Elliotts allege that Chicago Motor Club, its attorney-in-fact, and the board members and officers of each engaged in a pattern of racketeering activity in violation of 18 U.S.C. § 1962 by committing acts of mail fraud and breaches of fiduciary duty in

---

1. The Elliotts' first complaint was dismissed for failing to meet the requirements of Federal Rule of Civil Procedure 9(b), which states that all averments of fraud must be stated with particularity.

processing their uninsured motorist claim. Attached to the amended complaint are letters written by Chicago Motor Club's claims manager and the Elliotts' lawyer concerning the proper forms to fill out and information required for handling the claim. The Elliotts claim these letters were sent as a part of a scheme to defraud them by vexatiously delaying the payment of their claim, by requiring them to obtain a judgment against the uninsured motorist but refusing to consent to being bound by any such judgment, and by requiring the Elliotts to make a demand for arbitration as a prerequisite to processing their claim.

The second count charges Smith with a pattern of racketeering in representing Chicago Motor Club in the Cook County lawsuit by committing acts of mail fraud to prevent or delay the settlement of the Elliotts' claim. In support, the Elliotts attached two notices of motions mailed by Smith in the suit—one for a hearing on petition for rehearing of Chicago Motor Club's motion for judgment on the pleadings and the other for an undisclosed purpose—and a letter requesting depositions. The Elliotts specifically allege that Smith delayed the settlement of their claim by filing motions to dismiss, for judgment on the pleadings, and for reconsideration, by filing affirmative defenses and a third party complaint, by not complying with discovery requests until the Elliotts obtained court orders and withholding documents she claimed were privileged, and by filing a demand for arbitration. The third count charges all of the defendants with conspiracy to violate the RICO Act, in violation of 18 U.S.C. § 1962(d).

The district court dismissed the Elliotts' suit with prejudice, finding that their amended complaint failed to state a claim upon which relief could be granted. Fed.R. Civ.P. 12(b)(6). The court reasoned that the alleged acts of fraud were proper under the terms of the policy and Illinois law and that the pleadings filed by Smith in defending Chicago Motor Club were privileged and could not amount to fraud, al-

though they might be a basis for court-imposed sanctions. On appeal, the Elliotts argue that their amended complaint sufficiently alleges a civil RICO claim and that the district court erred in dismissing their suit.

## II.

Section 1964 of RICO [2] enables a private plaintiff to bring a civil suit based on a violation of section 1962. A crucial element of a section 1962 claim, however, is the existence of a pattern of racketeering. *Morgan v. Bank of Waukegan,* 804 F.2d 970, 972–73 (7th Cir.1986) (citing *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985); *Masi v. Ford City Bank & Trust Co.,* 779 F.2d 397, 401 (7th Cir.1985)). As this court recently stated:

> A pattern of racketeering activity requires at the barest minimum two "acts of racketeering activity." 18 U.S.C. § 1961(5). In general, however, much more than two such acts must be shown in order to demonstrate a pattern.... The separate racketeering acts must reflect both "continuity" and "relatedness" in order to constitute a pattern.

*Lipin Enterprises, Inc. v. Lee,* 803 F.2d 322, 323 (7th Cir.1986) (citations omitted).

In *Morgan,* this court recognized that the terms "continuity" and "relationship" are somewhat at odds because relationship implies that the predicate acts involve the same victim or type of misconduct or were committed somewhat closely in time, while continuity would embrace predicate acts involving different victims or occurring at different points in time. 804 F.2d at 975. As such, this court adopted the standard that in order to be sufficiently continuous to constitute a pattern of racketeering activity, "the predicate acts must be ongoing over an identified period of time so that they can fairly be viewed as constituting separate transactions, *i.e.,* 'transactions somewhat separated in time and place.'" *Id.* (quoting *Graham v. Slaughter,* 624

2. All statutory references herein cited in this form refer to Title 18 of the United States Code.

F.Supp. 222, 225 (N.D.Ill.1985)). The number and variety of predicate acts and the length of time over which they were committed, the number of victims, the presence of separate schemes, and the occurrence of distinct injuries are relevant factors in determining whether the standard is met. *Morgan*, 804 F.2d at 975.

In the case at hand, the Elliotts have alleged that the defendants committed several acts of mail fraud over a period of several years in furtherance of an overall scheme to defraud them. These acts of alleged mail fraud [3] were not distinct, however, because they all related to the Elliotts' attempt to settle one claim under their uninsured motorist insurance policy. As Judge Cudahy noted in *Lipin:*

> Mail fraud and wire fraud are perhaps unique among the various sorts of "racketeering activity" possible under RICO in that the existence of a multiplicity of predicate acts (here, the mailings) may be no indication of the requisite continuity of the underlying fraudulent activity. Thus, a multiplicity of mailings does not necessarily translate directly into a "pattern" of racketeering activity.

803 F.2d at 325 (Cudahy, J., concurring).

Likewise, any argument that there were five victims because five family members were injured in the car accident is not persuasive. All of the family members' claims arise from the same automobile accident and the same insurance policy. Their injuries are not distinct, as they derive from Chicago Motor Club's failure to settle their claim.[4] Because these predicate acts all clearly relate to the same transaction involving a single insurance policy and arising out of one accident, the acts do not support the continuity aspect of the pattern of racketeering. Since the RICO counts were fatally defective, the pendent state claims cannot stand and were properly dismissed as well. *See Mitchell v. Pepsi-Cola Bottlers, Inc.*, 772 F.2d 342, 348 (7th Cir.

1985). Therefore, the district court's dismissal of the Elliotts' claim is

AFFIRMED.

---

3. Because it is clear in this case that there is no pattern of racketeering activity, we need not decide whether the Elliotts' amended complaint adequately alleges mail fraud under RICO.

4. The record does not reveal the status or outcome, if any, of the Elliotts' Cook County lawsuit; therefore, any effect of *res judicata* or collateral estoppel cannot be determined.