**BURAN EQUIPMENT COMPANY, INC., Plaintiff,**

v.

**HYDRO ELECTRIC CONSTRUCTORS, INC., Peter F. McCalpin, Kenneth G. Hattich, James A. Heath, Energy Finance Associates II, Energy Finance Associates, Energy Finance Corporation, Nevada Irrigation Project, and Bank of New England, N.A., Defendants.**

No. C–86–1781 SC.

United States District Court, N.D. California.

March 4, 1987.

Thelen, Marrin, Johnson & Bridges, San Francisco, Cal., for plaintiff.

Heller, Ehrman, White & McAuliffe, San Francisco, Cal., for defendants, Kenneth G. Hattich, James A. Heath, Energy Finance Associates II, Energy Finance Associates and Energy Finance Corp.

## ORDER RE DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT

CONTI, District Judge.

This motion is before the court on the motion of defendants Kenneth G. Hattich, James A. Heath, Energy Finance Associates II, Energy Finance Associates, and Energy Finance Corporation (Energy Finance Associates II, Energy Finance Associates, and Energy Finance Corporation will be collectively referred to as "EFA entities." The EFA entities, Hattich, and Heath will be collectively referred to as "defendants.") to dismiss the eighth cause of action in plaintiff's first amended complaint.

This case revolves around plaintiff's purchase of a hydroelectric generating facility on the Combie Dam, located on Bear River in Placer County, California. In April, 1983, the Nevada Irrigation District ("NID"), which owns and maintains the Combie Dam, and defendant Hydro Electric Constructors, Inc. ("HEC") entered into a series of agreements under which HIC would construct one hydroelectric generating plant of the dam (the "Combie Dam project"). First Amended Complaint ("Complaint") ¶¶ 12, 15, 16. Pursuant to those agreements, HEC would own and operate the facility for eighteen years, at which time HEC would relinquish ownership to NID. To finance the construction of the generating facility, HEC assigned its rights under the agreements to Byron Jackson Pump Division, Borg-Warner Corporation ("Byron Jackson"), which manufactured the turbine generators for the project. *Id.* ¶ 17. HEC completed construction of the project in March, 1984. *Id.* ¶ 18.

During the construction process, Byron Jackson sought to refinance the construction of the Combie Dam project by ap-

proaching defendants Hattich and Heath, general partners of Energy Finance Associates II ("EFA II"). *Id.* ¶ 8. In January 1984, defendant Hattich discussed with Louis Buran, then Vice President of Buran Equipment Company, the possible purchase of the generating facility. *Id.* ¶ 19.

Representatives of plaintiff met with Hattich and Heath to discuss the purchase of the Combie Dam project. *Id.* ¶ 21. After those discussions, Hattich and Heath assisted Buran in obtaining a loan from the Bank of New England to purchase the project. *Id.* ¶ 22.

In May, 1984, plaintiff entered into several agreements to purchase the Combie Dam project. *Id.* ¶ 23(a)–(h). Under these agreements, (1) plaintiff would own the project for eighteen years and then relinquish it to NID; (2) HEC and NID would maintain the project; (3) Pacific Gas & Electric Company would purchase the electricity generated by the project; and (4) the Bank of New England would loan plaintiff $1,382,000.00 to purchase the project. At the same time, plaintiff entered into an agency agreement with EFA II under which EFA II would manage and supervise plaintiff's responsibilities in connection with the project, and would be paid based on the project's revenues. *Id.* ¶ 23(g). As reimbursement for expenses incurred in arranging the financing, plaintiff also signed a promissory note of $61,500.00 payable to EFA II. *Id.* ¶ 23(e).

The Ninth Circuit has reviewed the standard for a motion to dismiss.

> ... a complaint should not be dismissed under Fed.R.Civ.P. 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46 [78 S.Ct. 99, 101–02, 2 L.Ed.2d 80] (1957).
>
> A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable theory. 2A J. Moore, *Moore's Federal Practice* ¶ 12.08 at 2271 (2d ed. 1982).

*Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533–34 (9th Cir.1984).

Plaintiff's eighth cause of action is that Hattich, Heath, and the EFA entities violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"). 18 U.S.C. sections 1961 *et seq.* Plaintiff alleges that defendants made certain misrepresentations which unlawfully induced plaintiff to purchase the Combie Dam. Plaintiff maintains that these misrepresentations subject defendants to civil liability under RICO.

RICO's section 1962(c) provides that "[i]t shall be unlawful for any person employed by or associated with any enterprise engaged in ... interstate ... commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." To plead a violation of RICO section 1962(c), a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985) (footnote omitted).

Plaintiff alleges that the EFA entities are (1) defendants and (2) constitute a RICO "enterprise." Complaint, paragraph 90, 91. The Ninth Circuit has held that an enterprise cannot be a defendant. *Rae v. Union Bank,* 725 F.2d 478 (9th Cir.1984). Therefore, the court dismisses plaintiff's amended eighth cause of action against the EFA entities.

As to defendants Hattich and Heath, plaintiff states that defendants' alleged security fraud in connection with plaintiff's purchase of the Combie Dam project constitutes a "pattern of racketeering activity" under RICO. *Id.* ¶ 93. Specifically, plaintiff states that Hattich and Heath violated Rule 10b–5 by intentionally omitting to tell plaintiff of the uniqueness of the turbine gears, misrepresenting that the project had all of the necessary permits and licenses, misrepresenting that NID had complete control over water flow and would assist plaintiff in obtaining maximum possible revenues, misrepresenting that the project was covered by low flow insurance which would guarantee a minimum revenue, and misrepresenting that HEC was competent to maintain hydroelectric facilities. *Id.*

¶ 71. Plaintiff alleges that these acts, which culminated in the sale of the Combie Dam project, constitute a "pattern of racketeering activity." *Id.* ¶ 93.

The Ninth Circuit has not ruled on the question of what constitutes a "pattern of racketeering activity." Other circuits have not ruled consistently. Some circuits have held that acts relating to a single scheme are a "pattern of racketeering activity." For example, the Eleventh Circuit held that nine separate acts of wire and mail fraud involving the same parties over a period of three years relating to a single scheme are a "pattern of racketeering activity." *Bank of America v. Touche Ross & Co.*, 782 F.2d 966 (11th Cir.1986). In addition, the Fifth Circuit reversed summary judgment for defendants where plaintiff alleged only two sets of mail fraud. The Fifth Circuit reasoned that two "related" acts of mail fraud might constitute a "pattern of racketeering activity." *R.A.G.S. Couture, Inc. v. Hyatt*, 774 F.2d 1350, 1355 (5th Cir.1985). On the other hand, the Seventh Circuit found that acts relating to a single transaction are not a "pattern of racketeering activity." *Lipin Enterprises, Inc. v. Lee*, 803 F.2d 322 (7th Cir.1986). In *Lipin Enterprises*, the Seventh Circuit held that several allegedly fraudulent representations made to the sole buyer by the sole seller of a single business failed to satisfy the pattern requirement. *Id.* at 324.

■ This court finds the Seventh Circuit's analysis in *Lipin Enterprises* of the RICO requirement of a "pattern of racketeering activity" most pertinent to this case. Like *Lipin Enterprises*, all of the alleged offenses in this case relate to one commercial transaction and involve a single victim and single injury. As the Northern District of Illinois stated, "It places a real strain on the language to speak of a single fraudulent effort, implemented by several fraudulent acts, as a 'pattern of racketeering activity.'" *Northern Trust Bank/O'Hare, N.A. v. Inryco Co., Inc.*, 615 F.Supp. 828, 831 (N.D.Ill.1985).

Therefore, this court finds that plaintiff has not sufficiently alleged a "pattern of racketeering activity." The court will grant defendants' motion to dismiss the eighth cause of action in plaintiff's amended complaint.

In accordance with the foregoing, it is hereby ordered that:

(1) the motion of defendants Kenneth G. Hattich, James A. Heath, Energy Finance Associates II, Energy Finance Associates, and Energy Finance Corporation to dismiss the eighth cause of action in plaintiff's amended complaint is granted.