**UNITED AIR LINES, INC., a Delaware corporation, Plaintiff,**

v.

**CEI INDUSTRIES, INC., a Michigan corporation; George Cook; John Cook; David Rider; and R. Jamison Williams, Jr., Defendants.**

**No. 85 C 10611.**

United States District Court,
N.D. Illinois, E.D.

July 30, 1987.

Michael J. Koenigsknecht, Stephen P. Bedell, Thaddeus J. Nodzenski, Lolla Harrison, Gardner, Carton, Douglas, Chicago, Ill., for plaintiff.

Eugene J. Farrug, David W. Kash, Bruce B. Marr, McKenna, Storer, Rowe, White & Farrug, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

On February 21, 1986, defendants CEI Industries, Inc., George Cook, John Cook, David Rider, and R. Jamison Williams (collectively, "CEI") brought a Fed.R.Civ.P. 12(b)(6) motion to dismiss, arguing that plaintiff's complaint under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, was not filed within the requisite limitations period, failed to allege fraud and conspiracy, failed to allege a pattern of racketeering activity, and failed to allege a RICO enterprise. This court denied the motion on all grounds. *United Airlines, Inc. v. CEI Industries, Inc.*, 654 F.Supp. 1209 (N.D.Ill. 1987).

Before the court is CEI's motion to reconsider the rulings on the statute of limitations and pattern requirement issues. For the reasons set out below, that motion is denied.

*Statute of Limitations*

At the time of this court's prior ruling, the limitations period for a civil RICO suit in this circuit was two years. *Tellis v. U.S.*

*Fidelity & Guaranty Company*, 805 F.2d 741 (7th Cir.1986). The United States Supreme Court has recently ruled, however, that the correct time period is four years. *Agency Holding Corporation v. Malley-Duff & Associates*, — U.S. —, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987). United Air Lines, Inc. ("United") filed its complaint on December 24, 1985, and the earliest date that the cause of action could have arisen, even according to CEI's briefs, was in February, 1983. Thus it would seem that CEI has no reason for even desiring to contest this court's order.

CEI is no longer arguing that United filed suit too late, however; it claims that United filed suit too early. Its position, incredible at this stage of the lawsuit, is that the existence of a state court action between the same two parties should preclude this court from taking any further action. Between the time of completing the motion to dismiss and bringing the instant motion to reconsider, CEI has completely reversed itself.

■ CEI's argument on this point has probably been waived, *see Wisconsin Hospital Association v. Reivitz*, 820 F.2d 863, 868–869 (1987) (issues raised for first time in reply brief deemed waived), and even if not waived, CEI's argument has no merit. United alleges that CEI committed numerous acts of mail and wire fraud; there is nothing in the state court breach of contract action that would compensate United for those acts, at least as can be gleaned from the parties' briefs and the state court's opinion. *See United Air Lines, Inc. v. CEI Industries of Illinois, Inc.*, 148 Ill.App.3d 332, 102 Ill.Dec. 1, 499 N.E.2d 558 (1st Dist.1986). There also is no indication that any issues decided by the state court would have collateral estoppel or res judicata effects here. Accordingly, this lawsuit will not be dismissed or stayed pending the outcome of the state court proceedings.[1]

---

1. In addition, it is not even clear on this record that there are any state proceedings pending. The appellate court rendered its opinion over nine months ago and neither party has informed this court of any further proceedings on remand.

*Pattern Requirement*

█ This court likewise declines to reconsider its ruling that United's complaint alleges a pattern of racketeering activity within the meaning of RICO. CEI cites no intervening case law on this point, and the one case that it does cite, *Elliott v. Chicago Motor Club Insurance*, 809 F.2d 347 (1987), clearly is distinguishable. In *Elliott*, the Seventh Circuit held that the predicate acts were not sufficiently continuous because they all related to a single transaction. There was no showing that the Chicago Motor Club defrauded other people or had set up any kind of scheme for doing so. In contrast, United has alleged that CEI established sham corporations—five of them—and that CEI's purpose was to defraud not only United, but other creditors as well. Complaint, ¶ 33. With such allegations, this court simply cannot deem the existence of only one alleged transaction to be conclusive, when that is merely one of the factors to be considered.

In examining the purpose of the pattern requirement, the Seventh Circuit has stressed that "RICO is not 'aimed at the isolated offender'", that "there must be some indication of a 'threat of continuing activity' by the defendants", and that RICO was meant to be limited "to those cases in which racketeering acts are committed in a manner characterizing the defendant as a person who regularly commits such crimes." *Lipin Enterprises Incorporated v. Lee*, 803 F.2d 322, 324 (7th Cir.1986) (citations omitted). United's pleadings fit within the rubric of this purpose precisely.

CEI's motion to reconsider is denied.