923 F.2d 849
 RICO Bus.Disp.Guide 7666
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
PROFESSIONALS, INC., Professionals I, Inc., Plaintiffs-Appellees,
and
Magno P. Roque, Arvind K. Pathak, Plaintiffs,
v.
Jagdish P. BERRY, Virendra Berry, Surendra K. Berry, Berry
Associates, Inc., A.J. Inc., Defendants & Third
Party Plaintiffs-Appellants,
v.
Sohail AHMAD, John E. Garlitz, Akhil K. Govil, Vijay Kumar,
Baljeet S. Mahal, P.P. Mehrotra, S.L. Sandhir, Harjit S.
Sidhu, Qumar Ul Zaman, Mohammed Idress, Samuel N. Nava,
Romulo Villanueva, William P. Dale, Third Party Defendants.
 No. 90-3005.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 3, 1990.
Decided Jan. 25, 1991.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Chief District Judge. (CA-89-787-A)
 Frank Willard Dunham, Jr., Cohen, Gettings, Alper & Dunham, Arlington, Va., (Argued), for appellants; Brian P. Gettings, John E. Gagliano, Cohen, Gettings, Alper & Dunham, Arlington, Va., on brief.
 William Parry Dale, McChesney, Duncan & Dale, P.C, Washington, D.C. (Argued), for appellees; Mark W. Borghesani, Hanno I. Rittner, McChesney, Duncan & Dale, P.C., Washington, D.C., on brief.
 E.D.Va.
 REMANDED.
 Before ERVIN, Chief Judge, CHAPMAN, Circuit Judge, and DAVID C. NORTON, United States District Judge for the District of South Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Plaintiffs Professionals, Inc. and Professionals I, Inc. sued three individual defendants alleging violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. Secs. 1961 et seq., and asserting state law claims of fraud, breach of fiduciary duty, and breach of corporate opportunity. The district court found in favor of the plaintiffs on the RICO cause of action and awarded treble damages.* Defendants appeal claiming that the district court erred in finding RICO violations because there was no "pattern of racketeering activity." We hold that the district court's failure to make specific findings prevents an adequate review and therefore remand for proceedings consistent with this opinion.
 
 
 2
 Plaintiffs brought this action on May 23, 1989 in the United States District Court for the Eastern District of Virginia pursuant to the Racketeer Influenced Corrupt Organizations Act. Plaintiffs alleged that the individual defendants, Jagdish P. Berry, Virendra Berry, and S.K. Berry conducted the affairs of Professionals, Inc. through a "pattern of racketeering activity." Plaintiffs charged that corporate funds were diverted to the Berrys by various illegitimate means including payments to fictitious subcontractors created by them, payment of unauthorized salaries to family members, and unauthorized transfers of funds to bank accounts which they controlled. Plaintiffs sought treble damages and attorneys' fees. The defendants filed a counterclaim against the plaintiffs and numerous third-party claims alleging violations of RICO, breach of fiduciary duty, fraud, and common law libel and slander.
 
 
 3
 On November 24, 1989, after conducting a bench trial, the district court found that the defendants had conducted the affairs of the plaintiff corporations through a "pattern of racketeering." Pursuant to RICO's treble damages provision, 18 U.S.C. Sec. 1964(c), damages were awarded to Professionals I, Inc. in the amount of $1,471,681.10 and to Professionals, Inc. in the amount of $38,100.00. The court dismissed the defendants' counterclaim and third party claims.
 
 
 4
 Defendants raised several issues on appeal including whether the district court erred in finding that a pattern of racketeering activity existed.
 
 I.
 
 5
 In order to prevail in a civil RICO action, a plaintiff must prove that defendant has violated the substantive RICO statute, 18 U.S.C. Sec. 1962 (1988), commonly known as "criminal RICO." In so doing, he must prove six constituent elements: (1) that a "person" (2) through a "pattern of racketeering activity" (3) directly or indirectly invests in, or maintains an interest in, or participates in (4) an "enterprise," (5) the activities of which affect interstate or foreign commerce, and (6) that he was injured by reason of this activity. 18 U.S.C. Secs. 1962(a)-(c), 1964(c). According to section 1961(5), the term "pattern of racketeering activity" requires at least two acts of "racketeering activity" committed within ten years of each other, one of which occurred since the enactment of the statute. "Racketeering activity" is defined in section 1961(1) as any act which involves certain enumerated state felonies and acts indictable under certain enumerated federal statutes. This court has previously stated that the "pattern" requirement is "more than incidental to the operation of the RICO statute." Menasco, Inc. v. Wasserman, 886 F.2d 681, 683 (4th Cir.1989). The pattern requirement acts to "ensure that RICO's extraordinary remedy does not threaten the ordinary run of commercial transactions; that treble damage suits are not brought against isolated offenders for their harassment and settlement value; and that the multiple state and federal laws bearing on transactions ... are not eclipsed or preempted." Id. As the Seventh Circuit stated in Lipin Enterprises, Inc. v. Lee, 803 F.2d 322, 324 (7th Cir.1986), "[t]he pattern requirement was intended to limit RICO to those cases in which racketeering acts are committed in a manner characterizing the defendant as a person who regularly commits such crimes. ABA Section of Corporation, Banking & Business Law, Report of the Ad Hoc Civil RICO Task Force, 203-08 (1985)."
 
 
 6
 [W]e have deliberately declined to adopt any mechanical rules to determine the existence of a RICO pattern, holding instead that the issue is a matter of criminal dimension and degree to be decided on a case-by-case basis. Factors relevant to this inquiry include the number and variety of predicate acts and the length of time over which they were committed, the number of putative victims, the presence of separate schemes, and the potential for multiple distinct injuries. These factors are not exclusive, and no one of them is necessarily determinative; instead, a carefully considered judgment taking into account all the facts and circumstances of the particular case--with special attention to the context in which the predicate acts occur--is required.
 
 
 7
 Parcoil Corp. v. Nowsco Well Service, Ltd., 887 F.2d 502, 504 (4th Cir.1989) (quoting Brandenburg v. Seidel, 859 F.2d 1179, 1185 (4th Cir.1988)).
 
 
 8
 In its opinion, the district court adopted with minor changes plaintiffs' proposed findings of fact and summarily concluded that defendants' conduct constituted a RICO pattern. The district court, however, did not make specific findings as to what conduct by the defendants constituted "racketeering activity" pursuant to section 1961(1). It ignored the comprehensive provisions of section 1961(1) which alone enumerates all conduct which may constitute "racketeering activity." On the present record, it is impossible for this court to determine what conduct of the defendants the district court found to be "racketeering activity." With regard to whether a "pattern of racketeering activity" existed, the record is similarly devoid of specific findings as to the time period over which the racketeering activity took place. At no point did the district court make specific findings as to when the acts of "racketeering activity" began, when they ended, or whether they caused plaintiffs' injuries. While we certainly sympathize with the case load of the district court and the many demands upon its time, we cannot adequately review the district court's determination that a "pattern of racketeering activity" existed without more specific findings on what acts of "racketeering activity" occurred, the length of time over which they were committed, and whether they caused plaintiffs' injuries.
 
 II.
 
 9
 For the foregoing reasons, we remand this case to the district court for proceedings consistent with this opinion.
 
 
 10
 REMANDED WITH INSTRUCTIONS.
 
 
 
 *
 With regard to the pendent state claims, the district court ruled that "[w]hat has been said concerning the RICO counts is also applicable to the pendent fraud and breach of fiduciary duty counts.... The damages attributable to these counts, however, are subsumed in the RICO damage award." On the present record, the disposition of plaintiffs' breach of corporate opportunity claim is unclear