864 F.Supp. 106 (1994)
TRANS WORLD AIRLINES, INC., Plaintiff,
v.
Stanley BERGER, Beverly Berger, London International Travel, Ltd., and Latin American Travel, Inc., Defendants.
No. 4:93CV854-DJS.
United States District Court, E.D. Missouri, Eastern Division.
March 29, 1994.
*107 Leonard Komen, Selner and Glaser, St. Louis, MO, for Trans World Airlines, Inc., a Delaware corporation.
Peter T. Sadowski, Partner, Charles A. Seigel, Sr., Managing Partner, Stolar Partnership, St. Louis, MO, for Stanley Berger, Beverly Berger.
Charles A. Seigel, III, Partner, Gallop and Johnson, Peter T. Sadowski, Partner, Charles A. Seigel, Sr., Managing Partner, Stolar Partnership, St. Louis, MO, for London Intern. Travel, Ltd., Latin American Travel, Inc., a Delaware Corporation.

ORDER
STOHR, District Judge.
Plaintiff Trans World Airlines ("TWA") initiated this four count action seeking to recover losses sustained under an incentive agreement entered into between plaintiff and defendant London International Travel, Ltd. Counts I and II are based on the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq. Counts III and IV are common law claims for fraud and money had and received, respectively. The matter is before the Court on defendants' motion to dismiss Counts I and II. Defendants contend that plaintiff fails to allege a "pattern of racketeering activity" as required by RICO. In the alternative, defendants argue that the "pattern of racketeering activity" requirement is unconstitutionally vague and for that reason also, this complaint should be dismissed. In response, plaintiff asserts that it has sufficiently alleged a pattern of racketeering activity and that this requirement of RICO is not unconstitutionally vague.
The facts in this case are not complex. Plaintiff alleges that defendants Stanley and Beverly Berger ("the Bergers") owned and controlled two travel agencies, London International Travel, Ltd. ("London Travel") and Latin American Travel, Inc. ("Latin Travel"). In April 1988, TWA entered into an incentive agreement with London Travel under which "extra commissions were to be paid by TWA to London Travel based upon the market share of TWA sales generated by London Travel's offices as compared with the market share of Plaintiff in the entire defined district." Complaint, ¶ 9. TWA contends that during the period January 1989 through June 1990, defendants booked all TWA sales through London Travel and all non-TWA tickets through Latin Travel. Plaintiff alleges that as a result of this pattern of behavior, London Travel's TWA market share was inflated and thus misrepresented, thereby enabling defendants to claim extra commissions from TWA. Complaint, ¶ 12. TWA contends that these allegations state a "pattern of racketeering activity" under RICO and entitle it to recover treble damages.
In reviewing a motion to dismiss, the Court must accept as true all the well-pleaded material facts in the complaint and must draw all reasonable inferences from those facts in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Plaintiff's complaint should not be dismissed unless it appears, beyond a doubt, that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957); Hungate v. United States, 626 F.2d 60, 62 (8th Cir.1980).
A pattern of racketeering activity under RICO "consists of at least two predicate acts of racketeering committed within a ten-year period." 18 U.S.C. § 1961(5). Beginning with Sedima S.P.R.L. v. Imrex Co., 473 U.S. 479, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985), the Supreme Court has divided this "pattern" requirement into two sub-requirements: "relatedness" and "continuity." Id. at 496 n. 14, 105 S.Ct. at 3285 n. 14. "To prove a pattern of racketeering activity a plaintiff ... must show that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity." H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 239-40, 109 S.Ct. 2893, 2900, 106 L.Ed.2d 195 (1988). Relatedness merely requires that the "criminal acts ... have the same or similar methods or purposes, results, participants, victims, or methods of commission, or are otherwise interrelated by distinguishing characteristics *108 and are not isolated events." Id., quoting, 18 U.S.C. § 3575(e). Because TWA's allegations regarding the single purpose of the predicate acts satisfy the definition of relatedness, only the continuity sub-requirement remains at issue.
Continuity, in turn, refers "either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition." H.J. Inc., 492 U.S. at 241, 109 S.Ct. at 2902, citing, Barticheck v. Fidelity Union Bank/First National State, 832 F.2d 36, 39 (3rd Cir.1987) (emphasis added). To satisfy the continuity element, a plaintiff must show that "the predicates themselves amount to, or ... otherwise constitute a threat of, continuing racketeering activity." Id. (emphasis added).
The Supreme Court has endorsed a commonsensical, fact-specific approach to the pattern requirement and recognized that "multiple predicates within a single scheme" may indeed constitute criminal activities which have long-term and wide spread consequences  the very acts RICO was intended to prevent. Id. at 237. The Seventh Circuit has interpreted the Supreme Court's fact-specific approach as requiring that "[t]he specific facts of each case ... be examined to determine whether the predicate acts relied upon by the plaintiff establish a threat of continuing racketeering activity." Sutherland v. O'Malley, 882 F.2d 1196, 1204 (7th Cir.1989). Following a similar analysis as that applied by the Seventh Circuit, the Third Circuit has stated that:
Virtually every garden-variety fraud is accomplished through a series of wire or mail fraud acts that are "related" by purpose and are spread over a period of at least several months. Where such a fraudulent scheme inflicts or threatens only a single injury, we continue to doubt that Congress intended to make the availability of treble damages and augmented criminal sanctions dependent solely on whether the fraudulent scheme is well enough conceived to enjoy prompt success or requires pursuit for an extended period of time. Given its "natural and common sense approach to RICO's pattern element," we think it unlikely that Congress intended RICO to apply in the absence of a more significant societal threat.
Marshall-Silver Constr. Co., Inc. v. Mendel, 894 F.2d 593, 597 (3rd Cir.1990).
With these principles in mind, the Court must determine whether the plaintiff's allegations satisfy the "continuity" component of the pattern requirement. See, e.g., 473 U.S. at 496 n. 14, 105 S.Ct. at 3285 n. 14. Based on the record present before the Court, it appears that plaintiff's allegations simply do not satisfy the "continuity" component of the pattern requirement. Plaintiff fails to allege "ongoing unlawful activities whose scope and persistence pose a special threat to social well-being." See International Data Bank, Ltd. v. Zepkin, 812 F.2d 149, 155 (4th Cir. 1987). See also Terry A. Lambert Plumbing v. Western Sec. Bank, 934 F.2d 976, 981 (8th Cir.1991); Atlas Pile Driving Co. v. DiCon Fin. Co., 886 F.2d 986 (8th Cir.1989). While the same act may been repeated numerous times, defendants' actions, as alleged by plaintiff, were narrowly directed towards a single fraudulent goal: recovering excessive commissions from plaintiff. They involved a limited purpose: to defraud TWA with respect to commissions owed. They involved but one set of perpetrators: the Bergers. They involved but one set of victims: TWA. Finally, the transaction took place over approximately eighteen months. For these reasons, the Court views this as a "garden variety fraud" as opposed to the continuing pattern of ongoing criminal activity which threatens social well-being." See, e.g., Terry A. Lambert Plumbing, 934 F.2d at 981.
There is one victim, one perpetrator, and an eighteen month period of alleged fraudulent activity. It is not apparent how defendants' activities "pose a special threat to social well-being." See, e.g., International Data Bank, Ltd., 812 F.2d at 155. Certainly plaintiff asserts a threat to its immediate "well-being," but the Court is unwilling to perceive this as a threat to society's "well-being." The Court does not view this as the type of "threat of continuing criminal activity" contemplated by RICO.[1]
*109 This case presents a paradigm in which no pattern of racketeering activity is present. This Court's conclusion is succinctly stated by the Fourth Circuit in language subsequently adopted by the Eighth Circuit: "If the pattern requirement has any force whatsoever, it is to prevent this type of ordinary commercial fraud from being transformed into a federal RICO claim." Terry A. Lambert Plumbing, 934 F.2d at 981, citing, Flip Mortgage Corp. v. McElhone, 841 F.2d 531, 538 (4th Cir.1988). If we were to recognize a RICO claim based on the narrow fraud alleged here, the pattern requirement would be rendered meaningless. We do not, as the United States Supreme Court on more than one occasion has not, read the statutory term as "surplusage." Menasco, Inc., 886 F.2d at 685. See, e.g., H.J. Inc., 492 U.S. at 249; Sedima, 473 U.S. at 500, 105 S.Ct. at 3287.
To the extent that plaintiff is able to demonstrate the commission of a fraud here, this Court does not believe it rises beyond the level of a "garden variety" fraud and thus does not compel the application of the treble damages and other enhanced penalties contemplated by RICO. Therefore, the Court will, grant defendant's motion to dismiss Counts I and II.
The two remaining counts are state common law claims. Pursuant to 28 U.S.C. § 1367(c)(3), the Court will exercise its discretion to decline to entertain plaintiff's state law claims, following the dismissal of those claims over which the Court's original jurisdiction was based. Counts III and IV will be dismissed without prejudice.
For the foregoing reasons,
IT IS HEREBY ORDERED that defendants' motion to dismiss Counts I and II of plaintiff's complaint is granted.
NOTES
[1] Other circuits have failed to find a pattern of racketeering activity in cases where the alleged fraud was of the dimensions in this case. See, e.g., Menasco, Inc. v. Wasserman, 886 F.2d 681, 684 (4th Cir.1989); Torwest DBC, Inc. v. Dick, 810 F.2d 925, 928-29 (10th Cir.1987); Medallion Television Enterprises, Inc. v. SelecTV of California, Inc., 833 F.2d 1360, 1362-64 (9th Cir.1987); Jones v. Lampe, 845 F.2d 755, 757-58 (7th Cir. 1988); Lipin Enterprises, Inc. v. Lee, 803 F.2d 322, 323-24 (7th Cir.1986); Roeder v. Alpha Industries, Inc., 814 F.2d 22, 30-31 (1st Cir.1987).