UNITED AIRLINES, INC., a Delaware corporation, Plaintiff,

v.

CEI INDUSTRIES, INC., a Michigan corporation; George Cook; John Cook; David Rider; and R. Jamison Williams, Jr., Defendants.

No. 85 C 10611.

United States District Court, N.D. Illinois, E.D.

March 3, 1987.

Michael J. Koenigsknecht, Stephen P. Bedell, Thaddeus J. Nodzenski, Lolla Harrison, Gardner, Carton, Douglas, Chicago, Ill., for plaintiff.

Eugene J. Farrug, David W. Kash, Bruce B. Marr, McKenna, Storer, Rowe, White & Farrug, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

BRIAN BARNETT DUFF, District Judge.

This action arises out of a contract between plaintiff United Airlines ("United") and CEI Industries of Illinois, Inc. ("CEI–Ill.") for the installation of a roof on United's office building. United brought suit against defendants CEI Industries, Inc. ("CEI"), George Cook, John Cook, David Rider, and R. Jamison Williams, Jr. (the "individual defendants")[1] alleging numerous violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*

Before the court is defendants' motion to dismiss for failure to state a claim upon which relief can be granted. This court has jurisdiction pursuant to 28 U.S.C. § 1331 and 18 U.S.C. § 1964.

## FACTS[2]

CEI is the parent and alter ego of CEI–Ill. and four similar corporations located in other states. CEI owns all of the outstanding shares of stock in these corporations, and disregards the corporate form and commingles the assets of each of them. CEI also has undercapitalized some of these corporate subsidiaries.

On September 17, 1982, United invited Chicago area contractors to bid on replacing the roof at its corporate headquarters. CEI–Ill. responded to this invitation although neither it nor CEI were among the contractors solicited.

In its submission, CEI–Ill. intentionally misrepresented its status as an eligible bidder by providing CEI's financial statements, contractor's bonds and reference list of roof projects. None of these documents bore any relation to the financial condition, insurance coverage, or previous projects of CEI–Ill.

Based on this information, United accepted CEI–Ill.'s bid, and they entered into a contract on October 5, 1982. At this time, CEI–Ill. claimed that it was capable of supplying workmanship and materials of the highest quality.

The roofing project was completed in February, 1983. As a result of defective materials and workmanship, the roof leaked and was susceptible to damage from high winds. In addition, the faulty roof caused interior ceilings in the building to collapse, thus damaging United's furniture and other personal property. United demanded that CEI–Ill. replace the roof.

Throughout this time, CEI–Ill. claimed that it was solvent and capable of conducting its business but instead it was unable to pay its debts and had insufficient capital to sustain its operations. A false account payable to CEI was created on December 31, 1983, and subsequently CEI–Ill.'s capital was drained in order to defraud United and other creditors of CEI–Ill. On October 1, 1984, CEI–Ill. was involuntarily dissolved by the Illinois Secretary of State.

## DISCUSSION

Defendants argue that the complaint should be dismissed because plaintiff (1) failed to file it within the applicable limitations period; (2) fails to allege fraud and conspiracy; (3) fails to allege a pattern of racketeering activity; and (4) fails properly to plead a RICO enterprise. This court will

---

1. The individual defendants are alleged to be officers and directors of CEI and directors of all its corporate subsidiaries.

2. For the purposes of this order, all factual allegations made in plaintiff's complaint are assumed to be true.

address those arguments in the order given above.

### 1. Statute of Limitations.

■ In this circuit, civil RICO actions are governed by a two-year statute of limitations period. *Tellis v. U.S. Fidelity & Guaranty Company,* 805 F.2d 741 (7th Cir.1986). The limitations period begins when the plaintiff knows or has reason to know of the injury which is the basis for his action. *Electronic Relays (India) PVT. Ltd. v. Pascente,* 610 F.Supp. 648, 653 (N.D.Ill.1985).

■ United filed its complaint on December 24, 1985. It claims injuries due not only to the faulty roof, but also to the activities of defendants that precluded United from recovering on the contract. The last of these alleged activities is the creation of the false account payable on December 31, 1983. On these pleadings, this court cannot conclude, as a matter of certainty, that United knew or should have known of its cause of action prior to December 31, 1983. This court therefore finds that United has brought suit within the applicable limitations period.

### 2. Pleading Fraud and Conspiracy.

■ Citing *Serig v. South Cook County Service Corp.,* 581 F.Supp. 575 (N.D.Ill. 1984), defendants argue that a mere breach of contract dispute does not rise to the level of a RICO claim. *Id.* at 580. Yet United alleges more than a breached contract. *See* Complaint, ¶¶ 12–32 and 58–68. These facts, if proven to be true, would be cognizable under RICO.

■ United also alleges these facts with the requisite particularity. *See* Fed.R. Civ.P. 9(b). It adequately states violations of the mail and wire fraud statutes, *see Spiegel v. Continental Illinois National Bank,* 790 F.2d 638, 646 (7th Cir.1986); *Barber-Colman Company v. The Trend Group, Ltd.,* No. 85–4434 (N.D.Ill. Feb. 6, 1986) slip op. at 4 [Available on WEST-LAW, DCTU database]. It identifies the parties, the misrepresentations, the time span within which these statements were made, and why the statements were false; it also alleges a scheme to defraud. *See* Complaint, ¶¶ 39, 45. United does not attribute each misrepresentation to a particular defendant, nor does it allege that each defendant committed mail or wire fraud at least twice, but where there are multiple defendants and numerous representations, this requirement is relaxed. *Barber-Colman, supra* at 4–5. Similarly, United has alleged a conspiracy to violate RICO according to the strictures of Rule 9(b). The complaint identifies the defendants and their relationships to one another, alleges that they conspired to violate RICO, and claims that they committed overt acts in furtherance of the conspiracy. *See Otto v. Variable Annuity Life Insurance Co.,* 808 F.2d 512, 522–23 (7th Cir.1986).

### 3. Pattern of Racketeering Activity.

■ According to the relevant law controlling this court's decision, United also has alleged a pattern of racketeering activity. The pattern requirement established by the Supreme Court in *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985), mandates that United allege the commission of predicate acts that are both related and continuous. Those acts are continuous when they are "ongoing over an identified period of time so that they can fairly be viewed as constituting separate transactions." *Marks v. Pannell Kerr Forster,* 811 F.2d 1108, 1111 (7th Cir.1987) (quoting *Morgan v. Bank of Waukegan,* 804 F.2d 970, 975 (7th Cir. 1986)). Relevant factors in determining whether this standard is met include (1) the number and variety of predicate acts and the length of time over which they were committed; (2) the number of victims; (3) the presence of separate schemes; and (4) the occurrence of distinct injuries. *Id.* at 1111.

■ In the instant case, United has alleged a number of predicate acts which occurred over a two year period. It claims that CEI–Ill. misrepresented its financial condition, insurance coverage, and prior ex-

perience in order to obtain the roofing contract; installed a roof that was defective in workmanship and materials in breach of the contract; and finally misrepresented that it was solvent and capable of repairing the roof while its capital was being drained by CEI, its parent and alter ego. It may be that all of these misdeeds resulted in a single victim and a single injury. But as the Seventh Circuit has noted:

> The mere fact that the predicate acts relate to the same overall scheme or involve the same victim does not mean that the acts automatically fail to satisfy the pattern requirement. The doctrinal requirement of a pattern of racketeering activity is a standard, not a rule, and as such its determination depends on the facts and circumstances of the particular case, with no one factor being necessarily determinative.

*Morgan, supra* at 975–76. Here United has alleged the existence of an ongoing, continuous scheme, since not all of these predicate acts related to the breach of the roofing contract. *Compare Morgan* at 976–77. Certainly defendants did not have to go through the convolutions of setting up sham corporations, commingling assets, and creating false accounts payable in order to install a substandard roof and refuse to repair it. United's complaint describes a structure of interlocking directorates and sham corporations engaging in behavior which has a pervasive, insidious effect on society. We thus cannot say, on a motion to dismiss, that there is no RICO claim.

4. *Existence of a RICO Enterprise.*

■ Finally, United's allegations of a RICO enterprise are proper. It identifies CEI–Ill. as an entity that is separate from both the pattern of racketeering activity and the persons charged with violating § 1962(c). *See Otto v. Variable Annuity Life Insurance Co.*, 611 F.Supp. 83, 89 (N.D.Ill.1985). It may be that, at times, CEI–Ill. is alleged to have done something, but if one reads the complaint as a whole it is clear that United is seeking to hold liable persons who acted on behalf of and in the name of CEI–Ill.

## CONCLUSION

Defendants' motion to dismiss the complaint is denied.

IT IS SO ORDERED.